## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **DRUE ALLEN HOLLIS, I,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00205-O-BP** |
| | § | |
| **TARRANT COUNTY,** | § | |
| | § | |
| **Defendant.** | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case on March 3, 2023 (FCR, ECF No. 9). No objections were filed,[1] and the Magistrate Judge's Recommendation is ripe for review. The District Judge reviewed the proposed Findings, Conclusions, and Recommendation for plain error. Finding none, the undersigned District Judge **ADOPTS** the Findings and Conclusions of the Magistrate Judge as the accepted Findings and Conclusions of the Court.

Additionally, the Magistrate Judge recommends that the undersigned District Judge "enter such additional sanctions as . . . may be necessary," because Mr. Hollis continues to abuse the judicial process. FCR 3, ECF No. 9. To justify this recommendation, the Magistrate Judge summarizes Mr. Hollis' conduct as follows:

> On December 12, 2022, United States District Judge Mark T. Pittman dismissed *Hollis v. Eyes on Camp Bowie, P.A.*, No. 4:22-cv-01043-P, in which Hollis demanded $20,000,000 from the supplier of his contact lenses for alleged violations of the Copyright Act and 42 U.S.C. § 1975. *See* No. 4:22- cv-01043-P, ECF Nos. 16, 1 at 1. In that case, Hollis also demanded that he be permitted to withdraw the $20,000,000 from the Court's Registry to pay his claim. *Id.*, ECF No. 3. In dismissing Hollis's suit under 28 U.S.C. § 1915, Judge Pittman also found that Hollis was a vexatious litigant and sanctioned him by requiring that he obtain leave

---

[1] Though Plaintiff has filed several items on the docket following the Magistrate Judge's recommendation (ECF Nos. 10–12), including an Amended Complaint (ECF No. 10), none can be construed as an objection. Therefore, the Court reviews the findings, conclusion, and recommendation for plain error. *See* 28 U.S.C. § 636(b).

of court before filing any additional complaints in this Court. *Id.*, ECF No. 15 in No. 4:22-cv-01043-P. Furthermore, in case number 4:21-cv-1142-O-BP, because Hollis again filed additional motions when he had not shown that he was entitled to "relief in this case under either law or equity," the Court warned in January 2023 that it would "no longer tolerate Plaintiff's vexatious conduct. Any further abuse of judicial resources will result in an order to show cause why Plaintiff should not be sanctioned." *See* ECF No. 15, *Hollis v. Tarrant County, Texas*, No. 4:21-cv- 1142-O-BP (N.D. Tex. Jan. 19, 2023) [O'Connor, J.]. Disregarding prior rulings from both [the undersigned] Judge O'Connor and Judge Pittman, on February 27, 2023, Hollis filed this case without first obtaining leave of court.

FCR 2, ECF No. 9. Since this Court issued its warning to Mr. Hollis in Case No. 4:21-cv-1142-O-BP, he has filed several additional lawsuits, including this one, apparently without seeking prior written permission from the Court to file those cases. *See, e.g.*, Case No. 4:23-cv-213-O-BP; Case No. 4:23-cv-232-P.

Mr. Hollis's apparent disregard for Judge Pittman's sanctions order is an abuse of the judicial process. Therefore, Mr. Hollis is **ORDERED TO SHOW CAUSE** why the Court should not strike (delete) from the docket any Complaint that Mr. Hollis files in the future without first obtaining permission from the Court to initiate the case. This means Mr. Hollis has until **April 7, 2023**, to file a written response on the docket in this case, explaining why the Court should not impose this sanction. Until then, the undersigned district judge shall reserve issuing final judgment.

**SO ORDERED** on this **24th day** of **March, 2023**.


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**